UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14063-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARSHALL LEE MITCHELL,

    Defendant.
_____/

FILED by _____ D.C.

APR - 4 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 07-1437]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher and this Court having reviewed the voucher, the submissions in support thereof by Peter Patanzo, as attorney for the Defendant Mitchell, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees. Counsel for the Defendant seeks reimbursement of $11,242.40 as reasonable attorney's fees at the hourly rate provided for based upon the Judiciary Appropriations Act of 2007 which is $94.00 per hour.

2. This Court has reviewed the voucher as well as the attachments submitted by Mr. Patanzo. This Court has also reviewed the corrections made by the CJA Voucher Administrator.

3. It is not necessary that this Court hold a hearing in this type of case under the CJA. These are administrative decisions as opposed to an adversarial proceeding. See United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Further, this Court has conducted a Suppression Hearing, as well as the pretrial proceedings, and is familiar with the underlying facts of this case.

4.  Pursuant to 18 USC §3006A(d)(3), the maximum amounts provided for under the statute may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex." Extended is defined in the case law as a case requiring more time than the normal case. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

5.  This was not an extended or complex case. In fact, Mr. Patanzo became involved in this case after many of the initial pretrial proceedings were held. The Office of the Federal Public Defender determined that it had a conflict after originally being appointed in this case and moved to withdraw. The Federal Public Defender was permitted to withdraw by Order of Judge Graham dated September 13, 2007. Mr. Patanzo was appointed shortly thereafter. While involved in the case, Mr. Patanzo did file several motions, including a Motion to Suppress, Motion to Dismiss, and other pretrial discovery motions.

6.  This was not a complex case. The underlying facts charged possession with intent to distribute narcotics, conspiracy to distribute narcotics, and being an armed career criminal. The underlying facts of the case were that information was received from a confidential source that there were narcotics in the residence occupied by the Defendant Mitchell. A search warrant was executed on that residence and narcotics were found therein. This was not a complicated nor complex case.

7.  This Court cannot find that the matter was extended either. The case did not take an unusual amount of time. In fact, Mr. Patanzo had to move to withdraw for certain reasons and Michael Smith was appointed by Judge Graham to represent the Defendant in this case pursuant to Order entered November 19, 2007. Therefore, Mr. Patanzo was

2

only in the case for a period of approximately sixty days. Mr. Patanzo was not involved in any trial or sentencing proceedings. This Court limits its review only to the window of time during which Mr. Patanzo was involved in the case.

8.    This Court appreciates the willingness of attorneys such as Mr. Patanzo to participate in and be available for CJA appointments in this Division of the Court. His expertise in representing defendants in federal court in respect to cases of this type serves both as a benefit to the Court and to the particular defendant who he is appointed to represent in a particular matter.

9.    This Court has stated on numerous occasions in the past Judge Martinez' decision in United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). Judge Martinez' opinion has a very good analysis of what is "extended" and/or "complex." The Bridges decision defines "extended" as a case involving more time than is reasonably required for total processing than the average case, including pretrial and post-trial hearings. Clearly, Mr. Patanzo's involvement in this case did not justify this Court certifying this case to be "extended". Further, the Bridges decision defines "complex" as a case involving legal or factual issues which are so unusual that they require the expenditure of more time, skill and effort than would normally be required in the average case. Likewise, based upon this Court's involvement in all pretrial proceedings, there is absolutely no way this matter could be classified and certified as "complex."

10.    Therefore, this Court is limited to the $7,000.00 attorney's fees maximum under the statute. While this Court believes that certain of the hours claimed by Mr. Patanzo involving research and motion preparation may look excessive on their face, the fact remains that there was a Motion to Suppress as well as an Amended Motion to

Suppress, Motion to Dismiss, and numerous pretrial discovery motions which were prepared and filed. This Court is well aware of those motions because it issued Reports and Recommendations as to each of them. Therefore, this Court cannot be found to criticize Mr. Patanzo on the extent of any research or motion drafting in respect to his involvement, even as it was limited to a sixty day period. In fact, most, if not all, of the pretrial motions in this case were filed by Mr. Patanzo during his involvement. This Court notes that there was a subsequent attorney, Michael Smith, who was appointed when Mr. Patanzo had to withdraw and then a fourth attorney had to be appointed when Mr. Smith was relieved of any further responsibility in representing Mr. Mitchell in this case.

11.   In respect to the costs alleged in the amount of $683.85, those appear to be legitimately incurred and compensable for reimbursement of mileage to travel back and forth to this Division of the Court from Mr. Patanzo's office for court appearances, interviews of witnesses, and interviews with his client during the pendency of the action. Those should be awarded separately from any attorney's fees. However, this Court is going to limit its recommendation to the $7,000.00 maximum permitted by statute since this Court cannot certify the case as being "extended" or "complex."

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 07-1437 be **GRANTED** only insofar as Mr. Patanzo shall be awarded the sum of $7,000.00 as attorney's fees and the sum of $683.85 as expenses, for a total sum of $7,683.85.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _4th_ day of April, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Peter T. Patanzo, Esq.
Lucy Lara, CJA/Case Administrator